```
                   UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA

                   CASE NO.  08-61091-CIV-ZLOCH
```

EVERTON THOMPSON,

       Plaintiff,

vs.                                                **O R D E R**

MOTOROLA, INC.,

       Defendant.
_____/

    THIS MATTER is before the Court upon Defendant Motorola, Inc.'s Motion To Dismiss (DE 2). The Court has carefully reviewed said Motion and the entire court file and is otherwise fully advised in the premises.

    The above-styled cause was commenced by Plaintiff Everton Thompson with the filing of his Complaint (DE 1). In said Complaint, he alleges that Defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. by discriminating against him on the basis of his race and age. See DE 1. Defendant filed the instant Motion seeking dismissal of the above-styled cause for Plaintiff's failure to file his Complaint no more than ninety days after receipt of his right-to-sue letter from the EEOC.

    The Civil Rights Act of 1964 provides two prerequisites before an individual may bring suit in Federal Court for violations thereof. The first is that the complainant has filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC"). The second is that

the complainant has received and acted upon the EEOC's statutory notice of the right to sue within ninety days of issuance. 42 U.S.C. §§ 2000e-5(f)(1). The Court notes that the exhaustion of Title VII's requirements are not mere technicalities, but the very key that Congress has fashioned for a party to enter the federal courts and seek redress for Title VII violations. See Wilson v. West, 962 F. Supp. 939 (S.D. Miss. 1997). Plaintiff claims that he was out of the country at the time the right-to-sue letter was sent by the EEOC in February of this year, and that he did not receive it until he returned to Florida in April. In addition, the letter was not received by Plaintiff's counsel as was requested, because it was sent to his old address.

The Supreme Court in Zipes v. TransWorld Airlines, Inc., 455 U.S. 385, 394 (1982) held that filing a timely charge with the "EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." Id. at 394. Defendant's Motion To Dismiss (DE 2) focuses on the facial allegations of Plaintiff's Complaint. DE 1, Ex. A, ¶ 8. However, in his Response, Plaintiff reaches outside his pleadings and attaches as Exhibit A, a document that is purportedly the receipt of service from the certified mail that bore Plaintiff's EEOC letter. This receipt does not bear any signature or indicate a date of receipt. Also attached to his Response are the Affidavits of Plaintiff and his wife which attest to the fact that he never received the EEOC letter sent in February. These exhibits go

2

beyond the allegations of Plaintiff's Complaint and present a potentially equitable defense for Plaintiff's failure to timely file his suit.

Therefore, the Court will deny the instant Motion and permit Defendant to re-file the same after engaging in discovery on the limited topic of whether and when Plaintiff received the right-to-sue letter from the EEOC.  In addition, Defendant may seek discovery as to the receipt that is attached to Plaintiff's Response (DE 6), and any other issue that will resolve for the Court when Plaintiff or his household received his EEOC letter. The Parties should take every effort to expedite the discovery of these issues, and the Court will entertain the appropriate motions to shorten the response time for Defendant's discovery requests.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. That Defendant Motorola, Inc.'s Motion To Dismiss (DE 2) be and the same is hereby **DENIED** without prejudice and with leave to re-file as a Motion For Summary Judgment; and

2. By noon, Friday, October 3, 2008, Defendant shall either file a Motion For Summary Judgment as to the timely filing of Plaintiff's Complaint or an Answer to Plaintiff's Complaint.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   2nd    day of September, 2008.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:
All Counsel of Record